**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-01364-REB-BNB

DILLON COMPANIES, INC., d/b/a KING SOOPERS, INC.,

       Plaintiff,

  v.

UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL NO. 7; ALL THOSE ACTING IN CONCERT WITH LOCAL NO. 7; and DOES 1–____,

       Defendants.

---

**MOTION TO MODIFY PRELIMINARY INJUNCTION**

---

Plaintiff Dillon Companies, Inc. d/b/a King Soopers, Inc. ("King Soopers"), by and through its undersigned attorneys, and pursuant to this Court's Preliminary Injunction Order (Doc. No. 18) issued June 23, 2009 ("Injunction") and Rules 60(b)(5); (6) and 65 of the Federal Rules of Civil Procedure, hereby moves this Court for an Order Modifying its Preliminary Injunction.[1]  Based on Defendant's misrepresentations about how the terms of the Injunction should be interpreted, its history of repeated and increasingly egregious violations of those terms, and the resulting disruption of King Sooper's business operations, the Injunction should be modified in two ways:  (1) Defendant's access to King Sooper's stores should be limited to a

---

[1] Pursuant to D.C. Colo. L.Civ.R. 7.1A, King Soopers' counsel has conferred with Local 7's counsel, both previously and recently, and has not received a satisfactory response, necessitating this motion. King Soopers expects Local 7 to oppose this motion.

SPRINGS\493318.1

- 2 -

single representative, who must only be investigating payment and discipline issues, and who must check in with store management upon arrival at the store; and (2) Defendants should not be permitted on the sales floor or in work areas, and may only speak to employees who are off-duty and in the employee lounge, or other non-public areas as permitted by store management.  As further grounds therefore, King Soopers states as follows:

### The Basis for and Terms of The Injunction

1. The Injunction of this Court was issued in the course of a dispute about Local No. 7's abuse of the visitation provisions[2] in the parties' various collective bargaining agreements. This provision has a limited purpose: permitting Local No. 7 access to investigate payment and discipline issues, without interfering with King Sooper's business operations.

2. The Injunction of this Court prohibited Defendants, including the Defendant United Food and Commercial Workers Local No. 7, Defendants' representatives, agents, servants, employees, independent contractors, consultants, attorneys-in-fact, attorneys-in-law, and any and all persons in active concert or participation with Defendants from:

   (a) having more than two union representatives in any King Soopers store for union purposes at the same time;

---

[2] The relevant provision from the CBAs has the following language (this particular version is from the CBA covering Denver area clerks, ARTICLE 41, UNION REPRESENTATIVE VISITATION Section 109): "The President of the Union, or the Business Representative thereof, shall have the right of entering the premises of the Employer <u>for the purpose of interviewing employees in such a way as to not interfere with the service of the Employer</u>. The said representative shall make their presence known to the Manager, or the person in charge in the absence of the Manager, when possible, upon entering the premises. The Employer shall, upon request of an authorized Union Representative, furnish satisfactory evidence to ascertain <u>whether</u>

(b) engaging or attempting to engage any employee of King Soopers in a discussion on the sales floor or in any work area of any King Soopers store for more than four (4) minutes;

(c) engaging or attempting to engage any employee of King Soopers in a discussion while that employee is on duty and customers request or require assistance from the employee;

(d) engaging or attempting to engage in any discussion concerning union business with any customer of King Soopers while on the sales floor or in any work area or in the parking lot of any King Soopers store;

(e) obstructing access by customers or employees of King Soopers to any portion of a King Soopers store;

(f) shouting or yelling while on the sales floor or in any work area or in the parking lot of any King Soopers store.

### This Court Has Authority to Modify the Injunction Based on the Circumstances Shown by Plaintiff's Motion to Show Cause

2. This Court has the power to modify the injunction as warranted by the circumstances. See, Kodekey Electronics, Inc., v. Mechanex Corp., 500 F.2d 110, 112-113 (10th Cir. 1974)("A continuing decree of injunction directed at events to come is subject always to adaptation as events may shape the need…")(quoting United States v. Swift & Co., 286 U.S. 106, 114 (1932)).

3. In light of the record of repeated and escalating contumacious conduct described in Plaintiff's Motion To Issue Order To Show Cause Why Contempt Judgment And Sanctions

---

employees are being paid in accordance with the terms of this Agreement and review with the Union Representative the facts giving rise to disciplinary action." (emphasis added).

SPRINGS\493318.1              - 3 -

Should Not Issue, filed in conjunction herewith, including but not limited to Defendant Local 7's misrepresentation of the terms of this Court's Injunction and the multiple and egregious specific misconduct engaged in by Local 7 representatives and its leadership (including its President and attorney), good cause has been shown to further restrict Defendants from disrupting King Sooper's business operations.

WHEREFORE, Plaintiff respectfully prays that an order be entered by this Court modifying its Preliminary Injunction and enjoining Defendant's representatives, agents, servants, employees, independent contractors, consultants, attorneys-in-fact, attorneys-in-law, and any and all persons in active concert or participation with defendants from:

(a) having more than one union representatives at any King Soopers store at the same time;

(b) appearing at any King Soopers store without first checking in with store management upon their arrival;

(c) appearing at any King Soopers store for any reason other than investigating payment or discipline issues;

(d) engaging or attempting to engage any employee of King Soopers in a discussion on the sales floor or in any work area of any King Soopers store;

(e) engaging or attempting to engage any employee of King Soopers in a discussion while that employee is on duty;

(f) engaging or attempting to engage in any discussion concerning union related matters with any customer of King Soopers while on the sales floor or in any work area or in the parking lot of any King Soopers store;

SPRINGS\493318.1 - 4 -

(g) obstructing access by customers or employees of King Soopers to any portion of a King Soopers store;

(h) shouting or yelling while on the sales floor or in any work area or in the parking lot of any King Soopers store.

Respectfully submitted this 25th day of August, 2009.

        s/ Andrew W. Volin
Raymond M. Deeny, #08683
Patrick R. Scully, #29343
Andrew W. Volin, #19020
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
E-Mail: rdeeny@shermanhoward.com
E-Mail: pscully@shermanhoward.com
E-Mail: avolin@shermanhoward.com

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 25th day of August, 2009, I electronically re-filed the foregoing MOTION TO MODIFY PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF system selecting a different "event" which will send notification of such filling to the following e-mail address:

    John P. Bowen, Esq.
    jbowen@ufcw7.com

        s/ Lynn Zola Howell